**BECHTEL PROPERTIES, INC.,**
**Appellant,**

v.

**Samuel BLANKEN, Appellee.**

**No. 16491.**

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 10, 1962.

Decided Feb. 8, 1962.

See also 290 F.2d 373.

Mr. Mark P. Friedlander, Washington, D. C., with whom Messrs. Mark P. Friedlander, Jr., and Blaine P. Friedlander, Washington, D. C., were on the brief, for appellant.

Mr. Ewing Laporte, Washington, D. C., for appellee.

Before DANAHER, BASTIAN, and BURGER, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment of the District Court entered upon a directed verdict in favor of plaintiff [agent-appellee] in a suit to recover a real estate broker's commission. The opinion of the trial court is reported in 194 F.Supp. 638 (1961).

Certain material facts are undisputed: Plaintiff was employed by defendant [seller-appellant] to sell an apartment house in the District of Columbia. Plaintiff secured a purchaser and the contract of sale was duly executed by the purchaser and the defendant. The contract price was $140,000, the purchaser agreeing to pay $15,000 in cash (of which his deposit of $1500 was to be a part), the purchaser to take the property subject to deeds of trust of approximately $99,000 and to pay the balance of the

purchase price by deferred purchase money deed of trust. The agent, by supplemental agreement, was to receive commission in the amount of $7000 from the seller, payable $3000 in cash and $4000 in the form of a third deed of trust note on the property. At the time of settlement, the purchaser presented to the title company a certified check for the balance of the cash payment ($13,500). Disputes between the purchaser and the seller developed, and the transaction was not actually consummated.

Ultimately, the defendant resold the property for $135,000, and received $40,000 in cash instead of $15,000. There is no evidence that the defendant either declared the original deposit forfeited until long after the date for closing had expired (see infra) or took any steps to secure specific performance or damages, although the contract provided:

"If the purchaser shall fail to make full settlement the deposit herein provided for may be forfeited at the option of the seller, in which event the purchaser shall be relieved from further liability hereunder; or without forfeiting the deposit the seller may avail himself of any legal or equitable rights and remedies which he may have under this contract."

The contract further provided:

"The entire deposit shall be held by Sam Blanken & Co. until settlement hereunder is made or until the deposit is forfeited. In the event of the forfeiture of the deposit, the Agent shall retain one-half thereof as a compensation for his services and shall pay to the seller the remaining one-half of the forfeited deposit."

The trial judge stated the question as follows:

"[T]he question presented here is whether the plaintiff is entitled to receive his commission in the light of the fact that the purchaser did not perform the contract and that it was abandoned by the parties although not formally rescinded."

It is true that there is a strong line of authority, which the trial judge held correct, to the effect that when an agent procures a purchaser on terms acceptable to the seller, and the latter accepts the purchaser, then the agent is entitled to his commission, whether or not the purchaser is responsible and whether or not the purchaser settles. We do not need to pass on this question. There are decisions both pro and con on this point.[1] It may be argued in the one instance that, when the seller accepts the contract, he has accepted the purchaser as one satisfactory to him. On the other hand, it may be argued that this would be unfair to the seller, who has the right to rely on the agent. However that may be, that is not the case before us.

Here a purchaser, financially responsible, was obtained, one who had shown himself ready and willing, as well as able, to perform. Certain matters de hors the contract arose. Both the seller and the purchaser were obdurate. Certainly, as the trial judge held, there is no evidence that the defendant either formally forfeited the deposit or that he brought suit for specific performance or damages. Had specific performance been applied for by the seller, and granted, the agent would have received his commission; had suit for damages been filed and successfully maintained, one of the elements of damage would have been the liability of the seller for the commission. The good faith of the agent was never challenged, in the pleadings, in the pre-trial order, in the evidence, or in the argument before us. The trial court was justified in saying: "Apparently the transaction was just abandoned by the parties when the property was resold by the defendant."

It is true that the contract provides for forfeiture of the deposit at the option of the seller but it was not until

1. There are no controlling cases in the District of Columbia covering this point.

more than two years after the signing of the contract of sale, and more than a year after the present suit was instituted, that the defendant wrote to the plaintiff declaring the deposit forfeited.[2] The purchaser had filed a suit for damages and no counterclaim had been filed by the seller, either for damages or for forfeiture of the deposit. The agent was not a party to the suit filed by the purchaser. Although that suit was decided adversely to the purchaser on May 10, 1961, the court holding that he had breached the contract of January 16, 1959, no effort was made by the seller to seek damages, which, as above stated, would have included the amount due the agent for commission.

Defendant further contends that, where a special agreement is made between the agent and the seller for payment of commission "upon settlement of the contract," a usual provision, the agent may not sue for and recover commission on the sale when the contract "is not settled upon by the purchaser." The agreement referred to provided that, upon settlement of the sale of the apartment house, the agent would accept as his commission as business broker, the sum of $3000 in cash at the time of settlement and the balance of $4000 in the form of a note secured by a third trust. Apparently defendant argues that, as the settlement was not made, the agent is not entitled to the commission.

In view of the fact that the contract was not settled, through no fault of the agent, and apparently by mutual agreement of the seller and the purchaser (or, if not by mutual agreement, at least with the acquiescence of the seller), the commission agreement could not be performed in accordance with its terms. This is not to say, however, that the agent is to be deprived, by that reason, of his commission, which was in the total amount of $7000. Certainly, if the

agent is entitled to the commission—and we hold that he is, in the circumstances shown—he is not to be deprived of it because of the impossibility of payment in the exact terms of the commission agreement. We think he was entitled to be paid, and in cash, when his receipt of payment in the manner prescribed by the agreement was rendered impossible, through no fault of his.

Affirmed.

2. Though it is not controlling, we may observe that neither in the defendant's answer nor in the pre-trial statements was there the defense that satisfaction of plaintiff's claim for commission was fore-

closed by the exercise of the forfeiture provision. The fact of a letter dated May 12, 1961, to plaintiff's counsel containing notification of the forfeiture of the deposit does not appear to be in the record.