**Curtis HOWARD, Plaintiff-Appellant,**

v.

**KERR GLASS MANUFACTURING CO., Defendant-Appellee.**

**No. 81–1246.**

United States Court of Appeals, Sixth Circuit.

Argued Oct. 21, 1982.

Decided Feb. 9, 1983.

Ronald Rader, Rader, Eisenberg & Feldman, David Franks, Detroit, Mich., for plaintiff-appellant.

Phillip G. Alber, Kirt DeVries, Detroit, Mich., for defendant-appellee.

Before KRUPANSKY and WELLFORD, Circuit Judges, and BROWN, Senior Circuit Judge.

PER CURIAM.

An employee at a beverage plant in Detroit, appellant Howard was injured while working with a case of bottles allegedly manufactured by appellee, Kerr Glass Manufacturing Co. (Kerr). He sued Kerr for injuries to the right hand based on diversity jurisdiction when a bottle or bottles he was handling exploded. The suit was based on alleged negligent manufacture and failure to inspect on the part of Kerr. The pre-trial order, however, in addition to negligence, set out "factual issues" as breach of implied warranty of merchantability and foreseeability.[1] No amendment of the original complaint was offered at the January, 1981

---

1. In addition, appellant set out as part of his "claims and theories", implied warranty of fitness.

pre-trial, but at the time of the jury trial some six weeks later, appellant's attorney was told that he could not present a breach of warranty theory to the jury. After the first day of trial, appellant moved to be permitted to amend the complaint to assert a theory of implied warranty.

The trial judge denied the motion to amend and limited appellant's counsel's examination of the plant quality control manager with respect to inquiring about whether Kerr had previously sent employees to the plant to inspect the production line on which plaintiff was working when injured.

■ The appellant contends that the trial court erred in not granting his motion for a directed verdict, claiming that the evidence was such that reasonable minds could not differ on the issue of liability. The record discloses, however, that appellant did not move the trial court for judgment notwithstanding the verdict pursuant to Rule 50(b) of the Federal Rules of Civil Procedure. The failure to move for a judgment n.o.v. precludes the appellate court from considering the sufficiency of the evidence and ordering the district court to enter a directed verdict. *Globe Liquor Co. v. San Roman,* 332 U.S. 571, 68 S.Ct. 246, 92 L.Ed. 177 (1948); *Cone v. West Virginia Pulp & Paper Co.,* 330 U.S. 212, 67 S.Ct. 752, 91 L.Ed. 849 (1947). This Court is therefore without power to consider whether the trial court erred in denying appellant's motion for a directed verdict.

This Court is satisfied that appellant received the benefit of a fair trial on the negligence issues. Appellant was presented a reasonable opportunity to make out his negligence claim; the unfavorable evidentiary ruling did not constitute such error, if it were error, to mandate a remand. Appellant had previously read interrogatory answers of appellee to the jury which presented evidence that appellee's representatives had indeed visited the plant site before to observe potential problems and difficulties as to the use of Kerr bottles. Plaintiff was free to argue this position to the jury. The ruling did not seriously and adversely affect appellant's negligence the-

ory contentions, nor prevent appellant's presenting evidence as to foreseeability.

■ Inference may well have been drawn by the jury in this case against appellant even without specific evidence that the bottle or bottles that caused the injury was made by someone other than Kerr. It was for the jury to determine from what was essentially circumstantial evidence whether appellant carried his burden of identifying appellee's defective product and in establishing proximate cause.

■ The expert witness not utilized by appellee was not a Kerr employee. He was not under appellee's direction or control so as to require the adverse inference instruction sought by appellant. Further, appellant made no showing that the testimony of the expert would have been necessarily material to the questions of identification of the bottle at issue; whether the bottle causing injury was made by Kerr, and whether the alleged thin wall bottle caused appellant's injury; nor did appellant demonstrate that procedures observed at the plant by the "missing" expert were the same at the time of appellant's injury as at the time they were viewed by him. (It is also noted that apparently appellant's proposed expert named in the pre-trial order also did not appear and testify; no instruction adverse to appellant was asked to be drawn). No error occurred under these circumstances in the trial judge's failure to give the requested instruction in dispute. We concluded, therefore, that there is no basis to vacate the jury verdict adverse to appellant on the negligence issues.

We pass to the remaining issue in this appeal: Should plaintiff-appellant have been allowed to proceed at trial under a theory of breach of implied warranty of fitness or merchantability, not originally pled, but included in the pretrial order? The issue is complicated in this case since the proposed pre-trial order which unquestionably covered an implied warranty theory was not signed by the judge at the time of pre-trial conference. Appellee concedes that attorneys for each side "prepared their

individual portions of the proposed pre-trial order and the same were manually consolidated into one document prior the pre-trial conference,"[2] which took place many weeks before trial. It is similarly undisputed that appellee was put on notice of this theory "and it was brought to the Court's attention" without any specific ruling then being made. In any event, the Court made no ruling to exclude this theory until the trial itself. The Court itself referred at the time of his ruling adverse to appellant's contention to "the joint pre-trial order"[3]. Although the judge had not yet signed that order, he treated it as if it were a matter of record, that which was fully known to both parties.

Among the express purposes of a pre-trial conference under Fed.R.Civ.P. 16 are "the necessity or desirability of amendments to the pleadings." Appellant received at the pre-trial conference no adverse indication that the trial would not include the implied warranty theory and issue raised by appellant; appellee was put on notice of this claim and could not claim surprise at trial. Indeed, appellee should have prepared for this issue under the circumstances.

The later signing of the pre-trial order by the judge implies approval that this issue was presented and that implied warranty was to be an issue or theory upon which appellant might rely. This could well be construed as the court's then present intention at signing of the pre-trial order of the original intendment at the time of the pre-trial conference, as in the case of an order "*nunc pro tunc*". *See Wax v. Motley*, 510 F.2d 318, 321 (2d Cir.1975). Appellant is correct also in his contention that Rule 16 directs that a pre-trial order be entered after a pre-trial conference is held. A case specifically relied upon by appellee on this issue, *Trujillo v. Uniroyal Corp.*, 608 F.2d 815 (10th Cir.1979), discusses Rule 16 at length and concludes that pre-trial orders should be liberally construed as in the case of pleadings, where the pre-trial order "represents 'a complete statement of all the contentions of the parties.'" 608 F.2d at 817, citing *Blanken v. Bechtel Properties,* 194 F.Supp. 638, 642 (D.D.C.1961), *affirmed,* 112 U.S.App.D.C. 97, 299 F.2d 928 (D.C.Cir. 1962).

Both parties participated in the drawing of the pre-trial order, discussed it with the court, and all were aware that the appellant contended that breach of implied warranty was an issue, despite appellant's failure to assert this claim in the original complaint.

■ Issues presented at a pre-trial conference, incorporated in a pre-trial order supercede the pleadings in the case. *See Management Investors v. United Mineworkers of Am.,* 610 F.2d 384, 390 n. 17 (6th Cir.1979); *Case v. Abrams,* 352 F.2d 193 (10th Cir.1965).

■ Further, amendments to pleadings, particularly where there is no surprise to the adversary party, are viewed with liberality by the courts. Appellant had made its breach of warranty theory known to appellee weeks before trial, indeed, in sufficient time fully to alert appellee and the court of his contentions. The court, under these circumstances, should have allowed appellant to amend and to proceed on its breach of warranty claim. *See Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); 3 MOORE, Fed.Practice (2nd Ed. 1948) ¶¶ 15.08, 15.10; *Davis v. Piper Aircraft Corp.,* 615 F.2d 606, 613 (4th Cir.1980) *cert. denied,* 448 U.S. 911, 101 S.Ct. 25, 65 L.Ed.2d 1141 (1980).

Accordingly, for the reasons that at pre-trial appellant's alternative theory was clearly advanced, and because amendment to pleadings should have been accomplished through the pre-trial procedure and order, or by granting of a motion to amend, the actions of the trial judge in this respect only are found to be erroneous. The case is remanded to the trial court for the sole purpose of allowing appellant the opportunity to proceed on the asserted breach of warranty theory. (The issues on the allega-

---

2. Appellee's *Brief on Appeal,* p. 8.

3. *Joint Appendix,* p. 24—transcript of proceedings.

tions of negligence are now foreclosed). The case is remanded for further proceedings not inconsistent with this opinion.