**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ZENITH PETROLEUM CORPORATION,

    Plaintiff - Appellant,

v.

DAVID R. STEERMAN, Executor for the
Deceased Earlene H. Steerman,

    Defendant Third-Party Plaintiff -
Appellee,

v.

VERNON L. SMITH & ASSOCIATES,
INC.,

    Third-Party Defendant - Appellee.

No. 15-3242
(D.C. No. 6:13-CV-01175-JTM)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **BACHARACH** and **MORITZ**, Circuit Judges.
_____

Zenith Petroleum Corporation appeals the district court's grant of summary

judgment in favor of David Steerman and Vernon L. Smith & Associates on its

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

complaint arising out of an oil-and-gas-lease title dispute. Zenith contends the district court abused its discretion in ruling Zenith had not alleged a breach-of-contract claim in the Pretrial Order. We exercise jurisdiction under 28 U.S.C. § 1291 and find no abuse of discretion.

I.

Earlene Steerman, a retired schoolteacher, entered into an oil-and-gas lease with Explore Energy Corporation, who recorded the lease and later assigned it to Zenith. That lease agreement (the Zenith Lease) included a warranty-of-title provision. Shortly before the Zenith Lease expired, Ms. Steerman and Zenith agreed to a two-year extension, but Zenith did not record the extension. A year and a half later, Ms. Steerman entered into an oil-and-gas lease on the same tract of land to Smith. Zenith eventually learned of this second lease when trying to sell the Zenith Lease.

Zenith filed a complaint against Ms. Steerman alleging slander of title and breach of the Zenith Lease's warranty-of-title provision. It is undisputed that Zenith's complaint did not allege any breach of the Zenith Lease as a whole, merely a breach of its warranty-of-title provision. Ms. Steerman passed away and her son and executor, David Steerman, was substituted as the defendant. Steerman filed a third-party complaint against Smith alleging an agent of Smith made negligent misrepresentations that caused Ms. Steerman to mistakenly grant a second lease to Smith.

The parties prepared a Pretrial Order in accordance with Fed. R. Civ. P. 16(d) and D. Kan. R. 16.2, which set forth both parties' factual contentions, legal claims, and defenses. Zenith listed its legal claims as "Breach of Warranty/Contract" and "Slander of title/Cloud on title." Aplt. App. at 134. Smith then moved for summary judgment against Steerman, arguing it could not be liable to Steerman for negligent misrepresentation because Steerman was not liable to Zenith for breach of warranty or slander of title. Smith argued Steerman could only be liable under the warranty-of-title provision if its interest was superior to Zenith's, which it was not.

Zenith conceded Ms. Steerman had not breached the warranty-of-title provision. It argued, however, it still had an outstanding breach-of-contract claim separate from its breach-of-warranty claim. Zenith claimed the Zenith Lease granted it an exclusive lease, which Ms. Steerman violated by entering into the Smith lease. The district court ruled that Zenith had waived any general breach-of-contract claim by not asserting such claim in the Pretrial Order. It granted partial summary judgment against Zenith on the warranty-of-title claim, and granted Steerman's motion for summary judgment. After Zenith dismissed its slander-of-title claim, the district court entered final judgment, from which Zenith appeals.

II.

Zenith argues the district court erred in refusing to consider a breach-of-contract claim. The district court, it argues, should not have sua sponte excluded that claim and failed to liberally construe the Pretrial Order. We review a district court's decision to exclude issues and claim not asserted in the Pretrial Order

3

for abuse of discretion. *Rios v. Bigler*, 67 F.3d 1543, 1549 (10th Cir. 1995) ("The district court has discretion to exclude from trial issues and claims not set forth in the pretrial order.")

"The . . . pretrial order measures the dimensions of the lawsuit, both in the trial court and on appeal." *Youren v. Tintic Sch. Dist.*, 343 F.3d 1296, 1304 (10th Cir. 2003) (internal quotation marks omitted); *see also* Fed. R. Civ. P. 16(d) (stating the pretrial order "controls the course of the action" unless modified by the court). "Claims, issues, defenses, or theories of damages not included in the pretrial order are waived." *Cortez v. Wal-Mart Stores, Inc.*, 460 F.3d 1268, 1276-77 (10th Cir. 2006) (internal quotation marks omitted).

Zenith is correct that pretrial orders are to be "liberally construed to cover any of the legal or factual theories that might be embraced by their language." *Trujillo v. Uniroyal Corp.*, 608 F.2d 815, 818 (10th Cir. 1979) (internal quotations marks omitted). But the primary purpose of pretrial orders is to avoid surprise by requiring parties to "fully and fairly disclose their views as to what the real issues of the trial will be." *Cortez*, 460 F.3d at 1276 (internal quotation marks omitted).

Here, Zenith's factual allegations in the Pretrial Order alleged only that Ms. Steerman violated the warranty-of-title provision, citing only Paragraph 5 of the Zenith Lease, the warranty-of-title provision. Aplt. App. at 132. After Smith moved for summary judgment, Zenith argued for the first time that Ms. Steerman also breached Paragraph 1 of the Zenith Lease, in which the lease was granted "exclusively" to the lessee. But that factual allegation and legal theory were never

4

mentioned in the Pretrial Order; there is no mention of a contract theory based on this exclusivity language, nor did Zenith cite to or mention the provisions of Paragraph 1.

Zenith strenuously argues that its sole use of the word "contract" in its listing of legal claims as "Breach of Warranty/Contract," is sufficient to preserve its claim under a liberal construction. But as that heading is followed only by a discussion of the Paragraph 5 warranty provision, and makes no mention of either exclusivity or Paragraph 1, there is no reasonable construction of this "Breach of Warranty/Contract" heading that is so liberal as to include a claim for breach of the Paragraph 1 exclusivity provision. Zenith's newly-asserted claim based on Paragraph 1 is a wholly different theory of recovery based on a contract provision that was not mentioned in the Pretrial Order. We conclude the "Breach of Warranty/Contract" heading was wholly insufficient to alert Smith, Steerman or the district court that Zenith would be asserting any breach-of-contract claim other than a breach of the warranty-of-title provision in Paragraph 5.

Zenith complains that the district court acted sua sponte in rejecting its breach-of-contract claim. But a district court has authority to sua sponte confine the litigation to the claims and issues identified in the pretrial order. *See, e.g.*, *Hunt v. Cty. of Orange*, 672 F.3d 606, 617 (9th Cir. 2012). Given that the Pretrial Order did not include a breach-of-contract claim, and that Zenith first raised its exclusivity theory in response to Smith's motion for summary judgment, the district court was well within its discretion to sua sponte reject the claim. Finally, Zenith argues it was not obligated under the rules of civil procedure to allege a precise breach-of-contract

5

claim in its complaint. The absence of the breach-of-contract claim was not, however, the basis of the district court's ruling, which was properly based on the absence of such a claim in the Pretrial Order. It is the pretrial order, and not the complaint, that defines the scope of litigation. *See Tyler v. City of Manhattan*, 118 F.3d 1400, 1403 (10th Cir. 1997).

Accordingly, we find no abuse of discretion in the district court's determination that the Pretrial Order did not set forth a breach-of-contract claim. *See Hullman v. Bd. of Trs. of Pratt Cmty. Coll.*, 950 F.2d 665, 667 (10th Cir. 1991) ("A plaintiff cannot escape the binding effect of the pretrial order by raising new issues in a response to the defendant's motion for summary judgment.").

Judgment Affirmed.

Entered for the Court

Timothy M. Tymkovich
Chief Judge

6