STEARNS, APPELLANT, *v.* OHIO SAVINGS
ASSOCIATION ET AL., APPELLEES.

(No. 47127 — Decided March 29, 1984.)

*Mr. John E. Duda,* for appellant.
*Mr. Marc W. Freimuth,* for appel-
lees.

PRYATEL, J. Plaintiff, Peter
Stearns, brought this action alleging the
breach of an employment contract and
libel and slander on the part of defen-
dants Ohio Savings Association (OSA)
and Laurence Cohn, a vice-president at
OSA. On June 16, 1983, the court
granted summary judgment for defen-
dants. For the following reasons we
reverse and remand.

Plaintiff was employed as a com-
puter operator by Shaker Savings
Association (predecessor to OSA) from
February 1975 to December 1979. At
that time, Shaker Savings closed its
computer center, thus eliminating plain-
tiff's position. Plaintiff then worked for
Lubrizol Corporation.

In mid-1980, OSA decided to revive
the computer center. Plaintiff was con-
tacted by Systemation, Inc., a company
that had been retained by OSA to assist
it (OSA) with restarting OSA's com-
puter center. Plaintiff was interviewed
by Frank Zombek of OSA and offered
the position of lead computer operator
at a salary of $17,500 per year. Plaintiff
accepted this offer and commenced
work at OSA on August 25, 1980 after
leaving Lubrizol. No written agreement
or contract of employment was offered
or requested by either party. Stearns
further admitted in his deposition that
no one at OSA represented to him that
he was being given an employment con-
tract for a year or any other period of
time except by way of the annual salary.

In December 1980, Cohn, OSA's
Data Center Manager, recommended
that plaintiff be given a $350 per year
merit/incentive raise effective January
1, 1981.

During January 1981, Cohn became
unhappy with plaintiff's performance
and advised other OSA officials of this
concern including plaintiff's access to
OSA's valuable computers. Cohn indi-
cated to Frank Zombek that he wished
to terminate plaintiff's employment
with OSA.

On February 7, 1981, Cohn fired plaintiff as of that day. Cited as reasons were plaintiff's lack of ability to supervise subordinates, his lack of communicative skills, failure to carry out directives, poor organization, exceeding authority, and questionable learning capability. Plaintiff later met with Cheryl Cooper, manager of employee relations at OSA, to discuss the reasons for his termination.

In response to an inquiry from a prospective employer of plaintiff, OSA sent a written response indicating only the position plaintiff had held and the dates of his employment with OSA. Cohn also responded to another inquiry orally.

Based on this evidence the court granted defendants' motion for summary judgment. Plaintiff appeals citing one assignment of error.

### Assignment of Error

"The common pleas court erred in granting defendants-appellees' motion for summary judgment."

Summary judgment may only be granted where, construing the evidence most strongly in favor of the party against whom the motion is made, reasonable minds can come to but one conclusion and that conclusion is adverse to the non-moving party. Civ. R. 56(C).

Appellant first contends that the court erred in granting summary judgment against him on his claim for breach of an employment contract. The rule in Ohio is that in the absence of facts and circumstances which indicate that the agreement is for a specific term, an employment contract which provides for an annual rate of compensation, without making provision as to the duration of the employment, is terminable at will by either party. *Henkel* v. *Educational Research Council* (1976), 45 Ohio St. 2d 249 [74 O.O.2d 415]. In stating what additional facts and circumstances were important to determining whether there was a valid employment contract, the court in *Henkel, supra,* cited with approval 2 Restatement of the Law 2d, Agency (1958) 339-340, Section 442, Comment *b,* which pertinently states:

"However, the fact that payment is to be made in accordance with a time unit is evidence, in connection with other relevant facts, indicating that the agreement is for such unit. Thus, an agreement for the period of time mentioned as that for payment, or as the basis for payment, is indicated if one party pays consideration aside from his promise to employ or to serve; or if the agency is an important one and of a kind such that a temporary appointment would not be likely to be made; or if, as the principal has notice, the employee has made an important change in his general relations in order to accept the position, such as the removal of himself and his things to a new place; *or if he has given up a position of some value in order to enter the employment. * * *"* (Emphasis added.)

In the instant case, appellant stated in his affidavit that in August 1980 he was employed at Lubrizol when Systemation, Inc., on behalf of OSA, approached and offered him the position of operations manager subject to approval by OSA. Appellant stated that he met with Frank Zombek of OSA and explained to him his salary and benefits at Lubrizol. He informed Zombek that he would not leave Lubrizol for less than $17,500 per year. Zombek agreed to this and also told appellant that he (appellant) would have hiring responsibility for the computer staff. Appellant's affidavit additionally indicates that he was given a merit/incentive raise in December 1980.

Looking at this evidence most strongly in appellant's favor, as we are bound to do, there is a question of fact whether the employment was for a term of at least one year. OSA was aware that appellant had given up a valuable position with Lubrizol in order to accept

their offer. See *Henkel, supra*. Moreover, OSA openly recruited appellant, bolstering his reliance on their offer particularly in view of his past satisfactory experience with OSA. Hence, appellant has presented evidence, in addition to the annual salary, which presented a question for the trier of fact. Accordingly, the trial court erred in granting summary judgment on the issue of the breach of an employment contract.

Appellant also contends that the court erroneously granted summary judgment on his claims for libel and slander. These allegations are set out in appellant's affidavit. Appellant states that Cohn disseminated a written notice to other OSA employees notifying them of the reasons for appellant's termination.[1] He also alleges spoken statements by Cohn to Zombek and Randy Garlock (another OSA vice-president) to the effect that appellant was going to damage millions of dollars of computer equipment if he were not terminated.

Usually, such communication, when made in good faith on a matter of common interest, between an employer and an employee or between two employees concerning a third employee are protected by a qualified privilege. *Gray* v. *General Motors Corp.* (1977), 52 Ohio App. 2d 348 [6 O.O.3d 396]. However, where the defamation is published (including spoken or written) to someone not within the qualified privilege or is done with actual malice, the privilege will not protect an individual. *Gray, supra*.

In the case at bar, appellant states in his affidavit that these notices and statements, while directed to persons normally within the qualified privilege, were also made to others outside the qualified privilege and that these

representations were *maliciously* made. Hence, an issue of fact is raised precluding the granting of summary judgment.

Appellant's assignment of error is sustained.

Judgment is reversed and remanded.

*Judgment reversed and*
*cause remanded.*

JACKSON, J., concurs.

PARRINO, P.J., dissents.

PARRINO, P.J., dissenting. I respectfully dissent.

The syllabus of *Henkel* v. *Educational Research Council* (1976), 45 Ohio St. 2d 249 [74 O.O.2d 415], states:

"In the absence of facts and circumstances which indicate that the agreement is for a specific term, an employment contract which provides an annual rate of compensation, but makes no provision as to the duration of the employment, is not a contract for one year, but is terminable at will by either party."

The court, in the body of the opinion, also cited with approval 2 Restatement of the Law 2d, Agency (1958) 339-340, Section 442, Comment *b*, which is quoted by this court in the majority opinion. That comment states that if the employee has given up a position of some value to enter the employment such fact may be considered to show that the setting of a salary for a time unit indicates an employment agreement for that period of time. The facts set forth by appellant in the instant case, however, preclude such a finding. Appellant stated in his deposition that no one told him or led him to believe that he was to be employed for a stated period of time and further it was not until after

---

[1] These reasons were: lack of ability to supervise, lack of communicative skills, failure to carry out directives, poor organization, exceeding authority, and questionable learning capacity.

he was discharged that someone told him since he had been hired at a yearly salary he had in fact been hired for one year. I do not construe *Henkel* so broadly as to require a trial for breach of contract simply because appellant was fired less than a year after he was hired and he was hired away from another company with his rate of pay set as an annual salary.

Appellant has also failed to adequately allege non-privileged publication of defamatory statements. Appellant was unable to name any person outside the qualified privilege to whom the alleged defamatory statements were made. Further, the mere allegation that the statements were made maliciously to persons within the qualified privilege is insufficient to raise a question of fact.

I would affirm the grant of summary judgment as to both causes of action.