Augustus J. FLOWERS, Plaintiff,

v.

TRW INC., Defendant.

No. C87–425.

United States District Court, N.D. Ohio, E.D.

Nov. 17, 1987.

**280**

William Chapman, Cleveland, Ohio, for plaintiff.

Jonathan A. Box, Joseph S. Ruggie, Jr., Daniel A. Ward, Thompson, Hine & Flory, Cleveland, Ohio, for defendant.

## ORDER

BATTISTI, Chief Judge.

Plaintiff, August J. Flowers, seeks damages for harm caused by his dismissal from employment with TRW Inc. Plaintiff was allegedly dismissed after striking a female co-worker, such conduct violating Defendant's company policy. Plaintiff asserts this act of force was taken in self defense. He claims, therefore, that the female should have been discharged instead. Accordingly, he brings a sex discrimination charge.

Plaintiff seizes upon Title VII and all Civil Rights Act provisions for relief in federal court, praying for back pay as well as compensatory and punitive damages. Defendant moves this court, pursuant to Fed.R.Civ.P. 12(b)(1), (f) to dismiss for lack of subject matter jurisdiction or, alternatively, to strike certain pleadings.

### I.

Under 42 U.S.C. § 2000e–5(f)(1), a plaintiff may proceed with cause of action in federal court by filing a complaint within ninety (90) days of the issuance of a right to sue letter by the Equal Employment Opportunity Commission. This 90 day period is jurisdictional in nature. Failure to comply can be fatal to a court's power to proceed. The EEOC letter in this matter was issued on November 24, 1986. Plaintiff filed this instant action with this court on February 23, 1987—ninety-one (91) calendar days later. Defendant tries to seize on this as a fatal jurisdictional flaw. What Defendant failed to realize, through, is the fact that the 90th day fell on a Sunday. Fed.R.Civ.P. 6(a) governs the computation of time under the statutes involved here. Under this rule, if the last day of a period to file is a Saturday, a Sunday or a legal holiday, the period runs until the end of the next day on which filing is possible. Therefore, Plaintiff properly filed the instant action. Defendant's motion to dismiss demonstrates either a deliberate attempt to mislead the Court, gross neglect in the preparation of this dilatory motion, or at least failure to acknowledge error to the Court when opposing counsel made clear the operative rule. The Court will assume

that no intentional misrepresentation was contemplated, but counsels Defendant that repetition of such neglect would be actionable by Plaintiff under Rule 11. This Court clearly has jurisdiction over the Title VII claim and Defendant's motion to dismiss for want of subject matter jurisdiction is denied.

## II.

Defendant has chosen to proceed with motions in the alternative. Such an approach is available under Fed.R.Civ.P. 8(e). Since the Court has jurisdiction over this matter, Defendant's motion to strike the pleadings must be considered.

■ Plaintiff tries to proceed for sex discrimination under Title VII and "other Federal Civil Rights statutes," seeking damages through a trial by jury. Defendant asserts, correctly, that the only federal statute under which plaintiff may proceed is 42 U.S.C. § 2000e, tried by the Court solely to determine the right to equitable relief in the nature of restitution.

Section 1981 is not applicable to discrimination based on sex. *Balmes v. Board of Educ. of Cleveland,* 436 F.Supp. 129 (N.D. Ohio 1977). Furthermore, plaintiff has set forth no facts in the complaint to support an action under 42 U.S.C. §§ 1983, 1985, 1986 since there are no allegations of conspiracy or action under the "color" of law. Defendant's motion to strike pleadings under 42 U.S.C. §§ 1981, 1983, 1985, 1986 is granted.

■ Since the instant action proceeds in this Court under 42 U.S.C. § 2000e, the relief available to the Plaintiff differs from that in his prayer. Neither compensatory nor punitive damages are recoverable in actions brought under Title VII; plaintiff may recover only "equitable relief in the form of restitution." *Harrington v. Vandalia–Butler Bd. of Educ.,* 585 F.2d 192, 195 (6th Cir.1978). Furthermore, as an action for equitable relief, title VII cases are tried to the Court rather than by jury. *Dadas v. Prescott, Ball & Turben,* 529 F.Supp. 203, 205 (N.D.Ohio 1981). Therefore, Plaintiff's demand for compensatory

and punitive damages and for trial by jury are hereby striken.

The instant action shall proceed, subject to the rulings herein.

IT IS SO ORDERED.