Mary Louise TAYLOR, et al., Plaintiffs,

v.

NATIONAL GROUP OF COMPANIES, INC., et al., Defendants.

No. 3:89CV7009.

United States District Court,
N.D. Ohio, W.D.

Dec. 8, 1989.

Bruce French, Lima, Ohio, for plaintiffs.

Glenn Wasielewski, Toledo, Ohio, for defendants.

## MEMORANDUM AND ORDER

JOHN W. POTTER, District Judge:

This matter is before the Court on the motion for summary judgment of all defendants, plaintiffs' opposition and defendants' reply. Counts III and VI of the complaint were previously dismissed voluntarily by plaintiffs. Also before the Court is plaintiffs' request for a jury trial.

Under the Federal Rules of Civil Procedure, summary judgment is proper only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The Supreme Court has recently stated that the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.* [477 U.S. 242], 106 S.Ct. 2505, 2512[, 91 L.Ed.2d 202] (1986).... In reviewing a motion for summary judgment, however, all inferences " 'must be viewed in the light most favorable to the party opposing the motion.' " *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* [475 U.S. 574], 106 S.Ct. 1348, 1356–57[, 89 L.Ed.2d 538] (1986) (quoting *United States v. Diebold, Inc.,* 369 U.S. 654, 655[, 82 S.Ct. 993, 994, 8 L.Ed.2d 176] (1962)).

*Ralph Shrader, Inc. v. Diamond International Corp.,* 833 F.2d 1210, 1213 (6th Cir. 1987).

The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any' which [he] believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The substantive law of the case identifies which facts are material. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Therefore, only disputes of facts affecting the outcome of the suit under the applicable substantive law will preclude the entry of summary judgment. *Id.* A moving party may discharge its burden "by 'showing' —that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex,* 477 U.S. at 324–325, 106 S.Ct. at 2553–2554. Where the moving party has met its initial burden, the adverse party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson,* 477 U.S. at 250, 106 S.Ct. at 2511. "[P]laintiff, to survive the defendant's motion, need only present evidence

from which a jury might return a verdict in his favor." *Id.* at 257, 106 S.Ct. at 2514.

The Court will address first plaintiffs' Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. claim. Plaintiff Mary Louise Taylor has alleged that defendants West and National Group of Companies, Inc. (National Group) discriminated against her through sexual harassment or by creating a sexually hostile or offensive work environment. It is well established that such a claim is cognizable in a Title VII action. *Meritor Savings Bank v. Vinson,* 477 U.S. 57, 66, 106 S.Ct. 2399, 2406, 91 L.Ed.2d 49 (1986); *Rabidue v. Osceola Refining Co.,* 805 F.2d 611 (6th Cir.1986). The Sixth Circuit recently set forth the elements of a claim of sexual harassment for a hostile or offensive work environment as follows:

> [A] plaintiff, to prevail in a Title VII offensive work environment sexual harassment action, must assert and prove that: (1) the employee was a member of a protected class; (2) the employee was subjected to unwelcomed sexual harassment in the form of sexual advances, requests for sexual favors, or other verbal or physical conduct of a sexual nature; (3) the harassment complained of was based upon sex; (4) the charged sexual harassment had the effect of unreasonably interfering with the plaintiff's work performance and creating an intimidating, hostile, or offensive working environment that affected seriously the psychological well-being of the plaintiff; and (5) the existence of respondeat superior liability.

*Rabidue,* 805 F.2d at 619–20. It also is well established that a superior can himself violate Title VII by sexually harassing a subordinate. See *Meritor Savings,* 477 U.S. at 64, 106 S.Ct. at 2404.

■ In reviewing the materials before the Court in a light most favorable toward plaintiffs, it is apparent that a genuine issue of material fact exists with regard to whether defendants West and National Group violated Title VII by creating a sexually hostile or offensive work environment. Although defendants have set forth

facts which tend to indicate that no such environment existed and that any office horseplay was harmless and in a spirit of jocularity, plaintiffs countered those assertions by pointing to portions of the record which tend to indicate a more offensive atmosphere which could fall within the realm of sexually hostile environment. This is precisely the type of genuine issue of material fact which precludes the Court from granting summary judgment in defendants' favor on the Title VII sex discrimination issue. Plaintiff Mary Taylor has presented evidence on this issue from which a jury could return a verdict in her favor.

■ With respect to plaintiffs' Title VII claim for discrimination based on religion, the Court agrees with defendants that the material before the Court fails to support such a claim. With the exception of defendant West's distributing to new employees a book which plaintiff interpreted to embrace secular humanism, a philosophy allegedly at odds with her Christian faith, there is little or no evidence in the record as to religious discrimination. Moreover, the mere distribution of the book in question falls short of creating a genuine issue of fact with respect to religious discrimination. Thus, defendants are entitled to judgment as a matter of law on plaintiffs' claim of religious discrimination under Title VII.

Further, defendants Stoodt and Glick were not named in the Title VII claim; therefore, the Court questions whether it can maintain "pendent party" jurisdiction over them in the state claims. *See Aldinger v. Howard,* 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976), and *Young v. Consolidated Rail Corp.,* 710 F.Supp. 192 (E.D. Mich.1989) to the effect that a party must be subject to a federal claim before it is subject to a non-federal claim. See also, 1 Fed.Proc.L.Ed. § 1:23. All of the parties are Ohio residents so there is no diversity. These matters have not been briefed by the parties so the Court will also address the merits.

■ Plaintiffs contend in Count II of the complaint that defendants subjected them

to intentional infliction of emotional distress. Under Ohio law "'[o]ne who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm.' Restatement of the Law 2d, Torts (1965) 71, Section 46(1)." *Yeager v. Local Union 20*, 6 Ohio St.3d 369, 374, 453 N.E.2d 666 (1983). Liability exists under this cause of action "only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Reamsnyder v. Jaskolski*, 10 Ohio St.3d 150, 153, 462 N.E.2d 392 (1984).

The Court finds that the conduct of defendants as alleged by plaintiffs does not as a matter of law rise to the level of "extreme and outrageous" conduct as defined under Ohio law. Accordingly, defendants' motion for summary judgment is well taken as to Count II of the complaint.

With respect to plaintiffs' claim for defamation, the Court finds, even construing the facts most favorably toward plaintiffs, that defendants are entitled to judgment as a matter of law. Although Ohio courts have not to date specifically addressed the issue of whether statements made by a witness testifying at a Bureau of Employment Services hearing are subject to a qualified privilege, Ohio courts have held that the testimony of witnesses at a judicial proceeding is absolutely privileged. 35 O.Jur.3d *Defamation and Privacy* § 77 (1982). Moreover, other jurisdictions have held that testimony or communications before an administrative tribunal with quasi-judicial powers is at least qualifiedly privileged. See *Perl v. Omni Int'l of Miami, Ltd.*, 439 So.2d 316 (Fla.App.1983) (holding that testimony during administrative unemployment compensation case was absolutely privileged); *Circus Circus Hotels, Inc. v. Witherspoon*, 99 Nev. 56, 657 P.2d 101 (1983); *Mock v. Chicago R.I. & P.R. Co.*, 454 F.2d 131 (8th Cir.1972) (holding that

proceedings before National Railroad Adjustment Board were quasi-judicial and thus pleadings before the board were absolutely privileged).

The Court is persuaded that, faced with the issue, the Ohio Supreme Court would recognize at least a qualified privilege for communications to the Bureau of Employment Services in light of the weight of authority on the issue in other jurisdictions. Similarly, statements made in good faith in a matter of common interest between an employer and an employee or between two employees regarding a third employee are subject to a qualified privilege. *Stearns v. Ohio Savings Assoc.*, 15 Ohio App.3d 18, 472 N.E.2d 372 (1984). In order to overcome a qualified privilege, plaintiff must prove actual malice on the part of defendants. *Hahn v. Kotten*, 43 Ohio St.2d 237, 245, 331 N.E.2d 713 (1975). Plaintiffs have failed to set forth any evidence indicative of actual malice on the part of defendants with regard to any of the alleged defamatory statements. Accordingly, defendants are entitled to judgment as a matter of law on this count.

Plaintiffs have failed to set forth facts which indicate the presence of an implied contract of employment. The employee handbook to which plaintiffs refer the Court contains an express disclaimer indicating that the handbook itself creates no contractual rights. Plaintiffs correctly point out that an oral contract can constitute an exception to the employment-at-will doctrine. *Mers v. Dispatch Printing Co.*, 19 Ohio St.3d 100, 483 N.E.2d 150 (1985). However, plaintiffs have failed to set forth facts which indicate the presence of such an oral contract.

Finally, with regard to the loss of consortium claim of plaintiff Harold Taylor, the Court finds that no such claim is cognizable as a derivative of a Title VII claim which is plaintiffs' only remaining claim since no compensatory damages are available under Title VII [1] and such a claim is by its very nature one for compensatory damages.

1. *Farmer v. ARA Services, Inc.*, 660 F.2d 1096, 1107 (6th Cir.1981).

With respect to plaintiffs' jury request, the Court is of the opinion that there is no right to a trial by jury under Title VII. See generally, *EEOC v. Detroit Edison Co.*, 515 F.2d 301 (6th Cir.1975); *Flowers v. TRW, Inc.*, 680 F.Supp. 279 (N.D. Ohio 1987).

THEREFORE, for the foregoing reasons, good cause appearing, it is

ORDERED that defendants' motion for summary judgment be, and hereby is, GRANTED IN PART AND DENIED IN PART; and it is

FURTHER ORDERED that plaintiffs' request for a jury be, and hereby is, DENIED.