Gary L. MANN, et al., Plaintiffs,

v.

**AMERICAN PACKAGING CORPORATION, et al., Defendants.**

No. C–1–90–477.

United States District Court, S.D. Ohio, W.D.

April 3, 1992.

William Faulkner Clinard, Germantown, OH, for Gary L. Mann, Thelma L. Mann.

Jack Clyde McGowan, Baden, Jones, Scheper & Crehan, Hamilton, OH, Julius Roger Blust, Lindhorst & Dreidame, Cincinnati, OH, for American Packaging Corp., General American Life Ins. Co.

Jeanny M. Vorys, Asst. Atty. Gen., Columbus, OH, for Dept. of Ins.

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

SPIEGEL, District Judge.

This matter is before the Court on the Defendant Great American Life Insurance Corporation's ("Great American") motion and supplemental motion for summary judgment (docs. 28 and 42), the Plaintiff's response (doc. 46), Defendant American Packaging Corporation's ("American Packaging") motion for summary judgment (doc. 48), Great American's reply (doc. 54), the Plaintiff's motion for leave to respond to the motions for summary judgment (doc. 59), and Great American's motion to strike the motion for leave (doc. 61).

As the Plaintiff's attorney has been ill, we hereby grant the motion for leave to respond to the motions for summary judgment.

### BACKGROUND

The Plaintiff, Gary L. Mann, was a longtime employee at American Packaging. By all accounts, he was a good employee. American Packaging provided group health insurance benefits to its employees and their families through Great American. Mr. Mann and his family had some medical problems and, as a result, made claims for health insurance benefits.

When Great American received Mr. Mann's claims, an Examiner at Great American discovered irregularities in the claim forms submitted by the Mann family. After an investigation, Great American determined that the claim forms had been altered to increase the health benefit payments.

Great American notified American Packaging of the altered claim forms on March 31, 1989. Management at American Packaging called in Mr. Mann. When confronted, Mr. Mann conceded that the claim forms had been altered, but maintained that he did not do it. He then spoke privately with a union representative. Mr. Mann then decided to resign rather than be fired. He never proffered an explanation to American Packaging as to why the claim forms had been altered. American Packaging told Mr. Mann that if he could bring in a statement from the person who altered the claim forms, Mr. Mann could return to his job. Mr. Mann never brought in such a statement.

Great American also notified Ken Phillips at the State of Ohio Department of Insurance, Insurance Fraud Division. At Mr. Phillips' request, the claim forms, as well as other materials, were turned over to the Department of Insurance. The Department of Insurance, in turn, contacted the Prosecuting Attorney of Preble County, Ohio. Mr. Mann was prosecuted, and subsequently he was indicted by a grand jury in the Preble County Court of Common Pleas, Case No. 89–CR–6637. In the subsequent trial, the Judge denied Mr. Mann's motion for a directed verdict. The jury found Mr. Mann not guilty.

Mr. Mann now claims that he was improperly discharged from his employment. Specifically, in Count I, Mr. Mann alleges that he was defamed by a conspiracy of the Defendants. In Count II, Mr. Mann alleges malicious prosecution. Under Count III, Mr. Mann contends that he was discharged from his employment through interference with a contractual relationship by Great American. In Count IV, Mr. Mann alleges intentional infliction of severe emotional distress. Finally, Count V includes the consortium claim of Mr. Mann's wife.

### STANDARD

The narrow question that we must decide on a motion for summary judgment is whether there is "no genuine issue as to any material fact and [whether] the moving party is entitled to judgment as a matter of

**34**

law." Fed.R.Civ.P. 56(c). The Court cannot try issues of fact on a Rule 56 motion, but is empowered to determine only whether issues exist that should be tried. *In re Atlas Concrete Pipe, Inc.*, 668 F.2d 905, 908 (6th Cir.1982).

The moving party "has the burden of showing *conclusively* that there exists no genuine issues as to a material fact and the evidence together with all inferences to be drawn therefrom must be read in the light most favorable to the party opposing the motion." *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir.) (emphasis in original), *cert. denied*, 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979). Moreover, "while the movant's papers are to be closely scrutinized, those of the opponent are to be viewed indulgently." *Id.* at 63. "[T]he District Court [is] obligated to consider not only the materials specifically offered in support of the motion, but also all 'pleadings, depositions, answers to interrogatories, and admissions' properly on file and thus properly before [the] court." *Id.* (quoting Rule 56(c), Fed.R.Civ.P.).

 Summary judgment "must be used only with extreme caution for it operates to deny a litigant his day in court." *Id.* The Supreme Court elaborated upon this standard, in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), as follows:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial....

*Id.* at 322, 106 S.Ct. at 2552. Summary judgment is not appropriate if a dispute about a material fact is "genuine," that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Nevertheless, conclusory allegations are not sufficient to defeat a motion for summary judgment.

*McDonald v. Union Camp Corp.*, 898 F.2d 1155, 1162 (6th Cir.1990).

### DISCUSSION

 Ohio statute provides immunity for any person providing information concerning insurance fraud:

> In the absence of fraud or bad faith, no person is subject to liability for damages or any other civil liability for libel, slander, or other relevant tort cause of action by virtue of filing reports, without malice or furnishing other information, without malice, required under Title XXIX of the R.C. ... and no liabilities for damages or any other civil cause of action of any nature arises against a person providing or receiving information relating to suspected fraudulent acts that is furnished to or received from ... [t]he Division of Insurance Fraud or the Department of Insurance....

Ohio Rev.Code § 3999.31(B) (1991). The purpose of this statute is to encourage those acting in good faith to report insurance fraud.

American Packaging and Great American have followed Ohio Rev.Code § 3999.31(2)(B). The Defendants reported what they believed to be insurance fraud to the State of Ohio Division of Insurance Fraud. Subsequently, a grand jury found enough evidence to indict Mr. Mann for insurance fraud, although a jury eventually found him to be not guilty.

American Packaging gave Mr. Mann opportunity to explain the irregularities in the claim forms. He, however, never explained the irregularities. Despite Mr. Mann being a good employee, American Packaging gave Mr. Mann the choice of being fired or resigning. Mr. Mann opted for the latter.

Nothing in the record shows that the Defendants acted in bad faith. The Plaintiff has made conclusory allegations that American Packaging and Great American engaged in some sort of a conspiracy to injure Mr. Mann. However, Mr. Mann has never shown any evidence of such a conspiracy, let alone a motive by the Defendants. Mr. Mann's conclusory allegations simply cannot defeat a motion for sum-

mary judgment. *See McDonald*, 898 F.2d at 1162.

Accordingly, the Defendants' motion for summary judgment is granted.

SO ORDERED.