985 F.2d 560
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Joe L. JAMES; Mae James, Plaintiffs-Appellants,
v.
CITY OF LIVONIA, a municipal corporation; Great Atlantic
and Pacific Tea Company, Defendants-Appellees.
 No. 92-1928.
 United States Court of Appeals, Sixth Circuit.
 Feb. 1, 1993.
 
 Before KENNEDY and RALPH B. GUY, JR., Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 Joe and Mae James appeal a district court order denying their Fed.R.Civ.P. 60(b) motion for relief from the court's previous orders granting summary judgment for the defendants. The defendant company moves to dismiss the appeal and for an award of damages. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 This claim was brought pursuant to 42 U.S.C. §§ 1983 and 2000a. The claim arises from an incident in which Joe James was sitting in a car parked in front of an A & P store. He was wearing a gauze bandage across his nose as a result of previous nasal surgery. The Livonia police searched him briefly, suspecting a planned robbery of the store. They did not arrest or otherwise detain him. He was searched because an A & P clerk in the store had called the Livonia police after two customers told her that someone was sitting in a car outside the store in the fire lane with the engine running. The customers reported that the person was wearing bandages or a mask on his face.
 
 
 3
 The Jameses claim that the clerk called police because Joe James is black. Mae James filed a loss of consortium claim, derived from Joe James' § 2000a claim. They requested damages.
 
 
 4
 The district court granted both defendants' motions for summary judgment. Defendant City of Livonia obtained summary judgment as the Jameses did not show that the city had a policy or custom which caused the allegedly unconstitutional police conduct. See Polk County v. Dodson, 454 U.S. 312 (1981). The court granted summary judgment in favor of defendant A & P as the store is not a "public accommodation" covered by 42 U.S.C. § 2000a and damages are not available under 42 U.S.C. § 2000a. See United States v. Lansdowne Swim Club, 894 F.2d 83, 86 (3d Cir.1990). The court also granted summary judgment regarding Mae James' derivative loss of consortium claim. Cf. Taylor v. National Group of Cos., Inc., 729 F.Supp. 575, 578 (N.D.Ohio 1989).
 
 
 5
 The Jameses then filed their motion for relief from judgment, which was denied. They appealed. On appeal, the Jameses repeat the same arguments they made in the district court.
 
 
 6
 In its motion to dismiss, the defendant company assumes the notice of appeal is taken from the judgment and is untimely. We construe the plaintiffs' notice of appeal to be taken from the denial of the plaintiffs' Fed.R.Civ.P. 60(b) motion. The order denying this motion was entered on the district court's docket sheet on June 16, 1992. The notice of appeal is timely from the denial of this motion.
 
 
 7
 Concerning the merits, we conclude that the district court did not abuse its discretion in denying the Rule 60(b) motion. See In re Salem Mortg. Co., 791 F.2d 456, 459 (6th Cir.1986). The Jameses' factual allegations are not sufficient to challenge the district court's decision concerning the legal issues in this case.
 
 
 8
 In its motion for damages, the defendant company argues that the appeal is frivolous, entitling the defendant to an award of damages under Fed.R.App.P. 38. The record in this case reveals that the plaintiffs have a good faith but mistaken belief that they were the victims of racial discrimination. Therefore, the motion for damages lacks merit.
 
 
 9
 Accordingly, the motions to dismiss and for damages are denied. The district court's order denying the Rule 60(b) motion is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.