12 F.3d 213
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gary L. MANN and Thelma L. Mann, Plaintiffs-Appellants,
v.
AMERICAN PACKAGING CORP. and General American Life Insurance
Co., Defendants-Appellees.
 No. 92-3412.
 United States Court of Appeals, Sixth Circuit.
 Nov. 15, 1993.
 
 ON APPEAL from the United States District Court for the Southern District of Ohio; No. 90-00477 Spiegel, J.
 S.D.Ohio, 809 F.Supp. 32.
 AFFIRMED.
 Before: KENNEDY and SILER, Circuit Judges; and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiffs Gary L. Mann and Thelma L. Mann appeal the entry of summary judgment against them. They argue that the district court erred in deciding that defendants American Packaging Corp. ("American Packaging") and General American Life Insurance Co. ("General American") are immune from liability under Ohio Rev.Code section 3999.31(B). We affirm, but, as to defendant American Packaging, do so on grounds other than that relied on by the district court.
 
 Background
 
 2
 Gary Mann was a long-time employee of American Packaging and received group health benefits from General American. Mann submitted some claims for health insurance benefits on behalf of family members. General American detected irregularities in the claims forms and, after an investigation, determined that the forms were fraudulently altered.
 
 
 3
 General American informed American Packaging of the altered forms and American Packaging confronted Mann. Mann conceded the alterations but did not explain or accept responsibility for them. When given a choice between resignation and termination, Mann resigned. American Packaging offered to rehire Mann if he could obtain a statement from the person who altered the forms, but Mann never did so. After informing American Packaging, General American notified the Ohio Department of Insurance of the alterations and released the altered claim forms and other information to the Department. The Department, in turn, contacted the prosecuting attorney for Preble County, Ohio, who decided to prosecute Mann. Mann was acquitted at the ensuing trial.
 
 
 4
 The Manns initially filed suit in the Butler County Court of Common Pleas. However, the case was later removed to the district court. The district court granted summary judgment in favor of General American and American Packaging.
 
 Analysis
 
 5
 The Manns claim that the district court erred in granting summary judgment against them. Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). In responding to a summary judgment motion, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). We review the district court's summary judgment de novo. Monks v. General Elec. Co., 919 F.2d 1189, 1192 (6th Cir.1990).
 
 
 6
 1. General American.
 
 
 7
 Against General American, the Manns allege causes of action for defamation, malicious prosecution, interference with a contractual relationship, intentional infliction of emotional distress, and loss of consortium. Insofar as these claims are concerned, the propriety of summary judgment turns on the application of Ohio Rev.Code section 3999.31(B), which provides:
 
 
 8
 In the absence of fraud or bad faith, no person is subject to liability for damages or any other civil liability for libel, slander, or other relevant tort cause of action by virtue of filing reports, without malice, or furnishing other information, without malice, required under Title XXXIX of the Revised Code or required by the superintendent under authority granted by that title, and no liability for damages or any other civil cause of action of any nature arises against a person for providing ... information relating to suspected fraudulent acts that is furnished to ... any of the following:
 
 
 9
 * * *
 
 
 10
 (3) The division of insurance fraud of the department of insurance ...; or
 
 
 11
 (4) Any other person involved in the detection or prevention of fraudulent insurance acts.
 
 
 12
 There is no evidence that General American communicated with the Department of Insurance and American Packaging in bad faith. Therefore, section 3999.31(B) immunizes General American from liability arising out of these communications and General American is entitled to summary judgment.
 
 
 13
 The Manns dispute the foregoing conclusion by arguing that there is a triable issue as to whether General American acted in bad faith. First, the Manns allege that General American reported the altered claims forms to the Department of Insurance without learning who altered them. However, General American justifiably suspected that Gary Mann or someone close to him altered the forms. Given this suspicion, reporting the alterations does not imply bad faith.
 
 
 14
 Second, the Manns allege that the Ohio Bureau of Unemployment Compensation awarded Gary Mann compensation for wrongful discharge. However, the Bureau's Board of Review concluded that Mann was discharged from work as a result of his dishonesty and decided against him. Given the Board's final decision, the Bureau's initial award does not create a triable issue as to whether General American acted in bad faith.
 
 
 15
 Third, the Manns allege that General American reported the altered claims forms to the Department of Insurance in order to make "an example" of Gary Mann. This speculation is apparently offered to fill a gap in the Manns' argument before the district court, where they failed to show that the defendants were driven by an illicit motive. Nevertheless, this allegation is conclusory and, therefore, does not demonstrate a genuine issue for trial. See McDonald v. Union Camp Corp., 898 F.2d 1155, 1162 (6th Cir.1990). In short, the Manns do not raise a triable issue as to whether defendant General American acted in bad faith.
 
 
 16
 2. American Packaging.
 
 
 17
 Against American Packaging, the Manns allege causes of action for defamation, malicious prosecution, intentional infliction of emotional distress, and loss of consortium. Insofar as these claims are concerned, the propriety of summary judgment turns on whether the Manns have met their burden of setting forth " 'specific facts showing that there is a genuine issue for trial.' " Liberty Lobby, 477 U.S. at 250 (quoting Fed.R.Civ.P. 56(e)). Summary judgment is appropriate on behalf of American Packaging because the Manns have not "present[ed] evidence from which a jury might return a verdict in [their] favor." Id. at 257.
 
 
 18
 First, a qualified privilege protects American Packaging from liability for allegedly defamatory statements made to Mann's fellow employees during the meeting in which American Packaging confronted Mann with the altered claims forms. See Hanly v. Riverside Methodist Hosp., 603 N.E.2d 1126, 1131 (Ohio Ct.App.1991) ("Generally, a communication made in good faith on a matter of common interest between an employer and an employee ... is protected by qualified privilege."). The qualified privilege does not protect against liability for defamatory communications that are made "to someone not within the qualified privilege" or "done with actual malice." Stearns v. Ohio Sav. Ass'n, 472 N.E.2d 372, 375 (Ohio Ct.App.1984). However, unlike the appellant in Stearns, the Manns did not offer affidavits or other materials sufficient to raise an issue as to whether the disputed communications fall outside the qualified privilege. Their defamation claim accordingly fails.
 
 
 19
 Second, the Manns offer no specific facts to show that American Packaging maliciously instituted or continued the Preble County criminal prosecution against Gary Mann. Therefore, the malicious prosecution claim fails. See Trussell v. General Motors Corp., 559 N.E.2d 732, 736 (Ohio 1990) (holding that one element of the tort of malicious criminal prosecution is "malice in instituting or continuing the prosecution"). Third, the Manns set forth no specific facts showing that American Packaging intentionally engaged in extreme and outrageous conduct against Gary Mann. Thus, the intentional infliction of emotional distress claim likewise fails. See Yeager v. Local Union 20, Teamsters, 453 N.E.2d 666, 671 (Ohio 1983) ("One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress.").
 
 
 20
 Finally, as none of the primary claims against American Packaging are viable, Thelma Mann's derivative loss of consortium claim also fails. See Messmore v. Monarch Machine Tool, Co., 463 N.E.2d 108, 110 (Ohio Ct.App.1983) ("[A] cause of action based upon a loss of consortium ... is dependent upon the existence of a primary cause of action and can be maintained only so long as the primary action continues."). In sum, the Manns have not set forth specific facts sufficient to preclude summary judgment in favor of defendant American Packaging.
 
 Conclusion
 
 21
 The tort immunity conferred by Ohio Rev.Code section 3999.31(B) bars the Manns' claims against General American. Furthermore, American Packaging is entitled to summary judgment on each of the claims alleged against it. Therefore, the judgment of the district court is AFFIRMED.