Marion **JONCICH**, Joseph C. **Mardesich** and Antonia **Dogdanovich,** Appellants,

v.

Anthony **VITCO**, Appellee.
No. 14909.

United States Court of Appeals
Ninth Circuit.

May 28, 1956.

Robert Sikes, Los Angeles, Cal., for appellants.

Margolis, McTernan & Branton, Los Angeles, Cal., for appellee.

Before HEALY and FEE, Circuit Judges, and SOLOMON, District Judge.

PER CURIAM.

Appellants owned and operated the Pioneer, a fishing vessel engaged in the tuna trade off the coast of California and Mexico. In the fall of 1951, pursuant to an oral contract, Vitco, the appellee, was employed aboard the Pioneer as a fisherman-cook for the 1952 tuna fishing season. He was employed on a lay basis; that is, he was to receive as wages a share of the proceeds of each catch.

Just prior to the first trip, Vitco and other members of the crew signed articles with the Master of the Pioneer, "now bound from the Port of Los Angeles, California, to Mexican Waters and such other ports and places in any part of the world as the Master may direct, and back to a final port of discharge in the United States, for a term of time not exceeding 12 calendar months."

Vitco was a member of the International Fishermen and Allied Workers of America. Prior to and during his employment there was in effect a collective bargaining agreement between the Union and appellants, owners of the Pioneer.

Paragraph V of such agreement provides: "In event illness incapacitates any crew member from further work on board the vessel, he shall be entitled to receive his proportionate share of the earnings of the vessel to the date and hour said member leaves the boat. Upon regaining his health, he shall be reemployed on the boat. During illness, such member may be substituted for by another man. An ill member cannot demand his share while ashore. This paragraph does not pertain to a member injured on the boat."

Paragraph XIV provides in part: "When crew members are hired, they are hired for the season and may be discharged only for good cause shown. For boats fishing tuna all-year-around, there shall be two tuna seasons within a year. One season shall commence on January 1st and end on the following June 30th, and the next season shall commence on July 1st, and end on the following December 31st. When a boat arrives subsequent to the season termination date, the completion of the trip shall be deemed the end of the season."

While the Pioneer was in Mexican waters on her first fishing trip of the season, Vitco suffered a heart attack which forced him to leave the vessel on January 29, 1952. He was totally disabled for further service during the period of his employment.

Vitco thereafter received continuous medical care. On October 15, 1954, his physician determined that a maximum cure for Vitco's heart condition had been reached during August, 1954.

The trial court found that Vitco was entitled to receive:

1. Maintenance from January 29, 1952, the date illness required him to leave the vessel until October 15, 1954, the date upon which Vitco's physician reasonably and in good faith determined

for the first time that he had reached the maximum possible recovery in August, 1954.

2. His full share of the catch of the vessel for the entire 1952 tuna season, which for this vessel ended October 20, 1952.

Appellants in this Court, as they did in the court below, contend that:

1. Vitco is not entitled to maintenance after August 31, 1954, because his condition had become permanent and static at that time.

2. Vitco is not entitled to share in the proceeds of the fish catches on any voyage other than the one on which he became ill because:

    a. The articles provide that the term of employment was for one fishing trip only.

    b. The custom in the industry limits recovery to the voyage upon which a fisherman becomes ill.

    c. The Union contract limits earnings to the date and hour a fisherman leaves the vessel because of illness.

3. As an alternative to contention numbered 2, appellants assert that if Vitco is awarded a share of the catch on any voyage other than the one on which he became ill, he cannot recover for any voyage which commenced after June 30, 1952, for the reason that the Union contract divided the calendar fishing year into two seasons and the first season ended June 30th.

All of these contentions were noted and considered in the well reasoned opinion of the able trial judge. For the reasons set forth in his opinion, reported 130 F. Supp. 945, the judgment of the District Court is affirmed.

Appellee filed a motion to correct the judgment of the trial court to include interest on all sums found to be due appellee from the dates upon which the payments came due. Without expressing any opinion as to the propriety of such allowance, the motion is denied without prejudice to his applying for this relief to the District Court.