**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JACKIE DAY, Executor of the Estate
of Jesse Ray O'Neal, Jr.,
            *Plaintiff-Appellant,*

            v.

AMERICAN SEAFOODS COMPANY
LLC, in personam; KATIE ANN F/T
Offical Number 518441, her
engines, machinery, appurtenances
and cargo in rem,
            *Defendants-Appellees.*

No. 07-35712

D.C. No.
CV-06-01579-RSM

OPINION

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Submitted December 12, 2008*
Seattle, Washington

Filed March 2, 2009

Before: Robert R. Beezer, Ronald M. Gould and
Consuelo M. Callahan, Circuit Judges.

Opinion by Judge Gould

---

*The panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

## COUNSEL

John Merriam, Seattle, Washington, for the plaintiff-appellant.

Anthony John Gaspich and Russell Reese Williams, Gaspich & Williams, PLLC, Seattle, Washington, for the defendant-appellee.

## OPINION

GOULD, Circuit Judge:

Jackie Day ("Day"), as executor of the estate of Jesse O'Neal, Jr. ("O'Neal"), appeals the order of the district court barring extrinsic evidence pertaining to the duration of O'Neal's employment agreement with American Seafoods Company ("ASC"). O'Neal signed a contract to work for ASC that was limited to one fishing voyage and that included an integration clause. O'Neal hurt his neck and back on that voyage, and left the ship's employ after the voyage. ASC paid O'Neal wages through the end of that trip, and O'Neal did not

sign a new contract to work with ASC on another voyage. Day seeks "unearned wages" for a period of time longer than the single voyage agreed upon in the employment contract, and contends that extrinsic evidence will show an oral understanding for that longer period. The district court declined to admit parol evidence on the question. We review the district court's application of the parol evidence rule *de novo. See Miller v. Fairchild Indus., Inc.*, 885 F.2d 498, 503 (9th Cir. 1989). We affirm.

**[1]** Unearned wages are "the actual wages the seaman did not earn because of his injury or illness." *Berg v. Fourth Shipmor Assocs.*, 82 F.3d 307, 309 (9th Cir. 1996).[1] "Generally speaking, . . . whether the employment is for a voyage or for a definite time, it is the shipowner's obligation to pay a seaman who falls ill or is injured while in the service of the vessel, full wages throughout the period of employment." *Id.* (quoting *Vitco v. Joncich*, 130 F. Supp. 945, 949 (S.D. Cal. 1955), *aff'd* 234 F.2d 161 (9th Cir. 1956)). The dispute here is over the "period of employment" for which ASC owed O'Neal unearned wages after he was injured.

**[2]** Federal law requires that shipowners and employees for fishing voyages enter a fishing agreement, in writing, that "state[s] the period of effectiveness of the agreement." 46 U.S.C. § 10601(b)(1) (2000).[2] ASC complied by reaching a

---

[1]Unearned wages are part of the doctrine of "maintenance and cure." *See Lipscomb v. Foss Maritime Co.*, 83 F.3d 1106, 1109 (9th Cir. 1996) ("Under the general maritime law, a seaman who falls ill or becomes injured while in the service of a ship is entitled to 'maintenance and cure' by his employer. This right includes (1) 'maintenance' —a living allowance for food and lodging to the ill seaman; (2) 'cure'—reimbursement for medical expenses; and (3) 'unearned wages' from the onset of injury or illness until the end of the voyage.") (internal citations omitted).

[2]Congress has passed different laws for different seafaring trades: 46 U.S.C. Chapter 103 for foreign and intercoastal voyages, 46 U.S.C. Chapter 105 for coastwise voyages, and 46 U.S.C. Chapter 106 for fishing voyages.

written agreement with O'Neal that stated prominently that "the term of this Contract Period is agreed to be for one (1) trip." The agreement defined "trip" as one fishing voyage, from the time the seaman reports to the vessel to the time the catch is unloaded. Further, O'Neal signed immediately below an integration clause that provided:

> This agreement constitutes the final commitment of the parties, and any modification of its terms is ineffective unless agreed upon in writing, signed by the party against whom enforcement is sought. No party has entered into this Agreement based on any representation, consideration, or promise not stated in this Agreement.

On the basis of the explicit contractual language and the integration clause, the district court held that Day could not offer extrinsic evidence to rebut the unambiguous duration agreed upon in the contract. *See generally United States v. Triple A Mach. Shop, Inc.*, 857 F.2d 579, 585 (9th Cir. 1988) (explaining the federal parol evidence rule).

**[3]** Unearned wages are only available for the "period of employment," *Berg*, 82 F.3d at 309, and 46 U.S.C. § 10601 requires written employment contracts that state explicitly the period of employment. While section 10601 does not alter the doctrine of maintenance and cure, it does require that the durational language specified in the contract be honored, even when calculating unearned wages. *See Diaz v. Ocean Peace, Inc.*, No. C00-490P, 2000 U.S. Dist. LEXIS 20127, at *3 (W.D. Wash. Aug. 8, 2000); *Miller v. Arctic Alaska Fisheries Corp.*, 944 P.2d 1005, 1013 (Wash. 1997) ("We do not believe where federal law requires the maritime employer and seaman to agree in writing on the length and terms of employment we will permit variation of the terms of the agreement by parol evidence."). Day contends that *Miller* and *Diaz* are "flat out wrong," and that express durational language in a contract should only limit the recovery of earned, not

unearned, wages to the agreed duration. However, Day offers no relevant support for these contentions, and cites no support for the proposition that unearned wages have ever been available for longer than an explicit duration included in an unambiguous employment agreement.

Day cites two cases in an unsuccessful attempt to overcome the parol evidence rule. The primary case cited by Day is inapposite because it dealt with an ambiguous durational term. *Benny v. Blue North Fisheries*, No. C04-0672L (W.D. Wash. Jan. 3, 2005) (order denying plaintiff's motion for partial summary judgment) ("The contract at issue here (to the extent there was one) is ambiguous regarding the contemplated duration of plaintiff's employment . . . ."). The other case, as the district court here pointed out, is a 10-line order that lacks context, *Gillis v. Seldovia Fisheries, Inc.*, No. C04-1503C (W.D. Wash. Mar. 29, 2005) (order determining what evidence admissible). Day does not argue that the duration term in this case is ambiguous, and he has failed to persuade us that the explicit and unambiguous contract term may be rebutted by extrinsic evidence.

We also reject Day's arguments that employment contracts for one fishing voyage are, as applied to unearned wages, per se unconscionable or void as against public policy. Day cites *Vitco*, 130 F. Supp. at 950-51, to support this position. At most, however, *Vitco* stands for the proposition that an employer may not contractually abrogate its duty to pay unearned wages for the duration of an employment agreement. *Id.* at 951. That case does not apply here because the employee and employer agreed to a one-voyage employment arrangement and the employee seeks unearned wages beyond that single voyage.

**[4]** There are valid reasons why both the employee and

employer may wish to enter into one-voyage contracts. We decline to declare such contracts unconscionable per se.[3]

AFFIRMED.

---

[3]Day argues that if shipowners can enter contracts for "one fishing voyage"—as even Day concedes has been an accepted practice for many years—then soon we will see contracts of a week or even a day, just so employers can avoid unearned wages if the party gets injured or sick. That eventuality can be addressed if it ever arises. A contract for an entire voyage does not present the same concerns.