NOT FOR PUBLICATION

JUN 02 2017

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| PATSYSTEMS (NA) LLC, an Illinois limited liability company,<br><br>      Plaintiff - Appellee,<br><br> v.<br><br>THE TREND EXCHANGE, INC., a Delaware corporation,<br><br>      Defendant - Appellant | No. 15-15877<br><br>D.C. No. 2:13-CV-00175-MEA<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Magistrate Judge Mark E. Aspey, Presiding

Argued and Submitted March 17, 2017
San Francisco, California

Before: WARDLAW and GOULD, Circuit Judges, and SHEA, District Judge.[**]

The Trend Exchange, Inc. (Trend) appeals from the trial court's entry of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Edward F. Shea, Senior United States District Judge for the Eastern District of Washington, sitting by designation.

judgment in favor of Plaintiff-Appellee Patsystems (NA) LLC, (Patsystems). We have jurisdiction pursuant to 28 U.S.C. § 1291. Because the parties are familiar with the facts and history of this case, we need not recount them here. We affirm in part, reverse in part, and remand for proceedings consistent with this decision.

## I. Parol Evidence Rule

Generally, we review rulings on motions in limine for an abuse of discretion. *United States v. Alvirez*, 831 F.3d 1115, 1120 (9th Cir. 2016). However, we review the application of the parol evidence rule de novo. *See Day v. Am. Seafoods Co.*, 557 F.3d 1056, 1057 (9th Cir. 2009). Here, in granting Patsystems' motion in limine, the trial court properly applied the parol evidence rule to exclude specific proposed testimony related to an oral understanding allegedly reached prior to execution of the fully integrated contract and directly contradicting the contract's payment terms.[1] *See Cleary v. News Corp.*, 30 F.3d 1255, 1263 (9th Cir. 1994). We affirm the trial court's ruling in this regard.

## II. Evidence Regarding Cessation of Services

We apply an abuse of discretion standard when reviewing a trial court's enforcement of pretrial orders. *See Miller v. Safeco Title Ins. Co.*, 758 F.2d 364, 369 (9th Cir. 1985). "A pretrial order, however, should be liberally construed to permit

---

[1] The trial court's application of the parol evidence rule was raised in the parties' briefs, but neither party addressed the issue during oral argument.

any issues at trial that are 'embraced within its language.'" *Id.* at 368 (quoting *United States v. First Nat'l Bank of Circle*, 652 F.2d 882, 886–87 (9th Cir.1981)). Properly utilized, a pretrial order is a procedural tool that is meant to facilitate trial on the merits, not to defeat a party on a technicality. *See Trujillo v. Uniroyal Corp.*, 608 F.2d 815, 818 (10th Cir. 1979).

The trial court prohibited Trend from presenting evidence that Patsystems had never restored services after admittedly cutting them off. It based its ruling upon a finding that Trend had not properly raised that particular theory of defense. However, in the proposed pretrial order — under the section entitled "Contested Issues of Fact and Law" — Trend denied Patsystems' performance under the contract:

> 2. The defendant denies the plaintiff's allegation that the plaintiff provided the defendant with a non-exclusive, perpetual license to the plaintiff's Broker Systems software, in addition to other software licenses and services under the Software License, Hosting and Support Agreement.
> 3. The defendant denies the plaintiff's allegation that the Unpaid Invoices identified in the Complaint were properly raised and issued under the Software License, Hosting and Support Agreement.

Liberally construed, these denials embrace the issue of whether Patsystems had ceased performance and nevertheless kept issuing invoices. We therefore hold that the trial court abused its discretion by precluding Trend from presenting evidence that Patsystems had cut off services and did not reinstate them.

### III. Limitation-of-Damages Clause

3

We review de novo whether a particular defense must be raised as an affirmative defense. *See Taylor v. United States*, 821 F.2d 1428, 1430, 1432–33 (9th Cir. 1987). "In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense . . . ." Fed. R. Civ. P. 8(c). This requirement is designed to avoid surprise and prejudice to a plaintiff. *See Simmons v. Navajo Cty.*, 609 F.3d 1011, 1023 (9th Cir. 2010).

The trial court precluded Trend from invoking the contract's limitation-of-damages clause (Clause 11.2) based on its finding that Trend had not properly raised Clause 11.2 as an affirmative defense. Rule 8(c) contains a nonexclusive list of enumerated affirmative defenses, none of which resemble a contractual limitation on liability such as is provided by Clause 11.2. *See* Fed. R. Civ. P. 8(c). Further, applying the reasoning in *Taylor v. United States*, 821 F.2d at 1432–33, persuades us that the trial court erred in ruling Clause 11.2 was an affirmative defense.

In *Taylor*, we rejected the plaintiff's argument that the government had waived the protection of California Civil Code § 3333.2, as incorporated by the Federal Tort Claims Act, by failing to raise the issue before judgment. *Taylor*, 821 F.2d at 1430. We said, "Section 3333.2 is a limitation of liability, not an affirmative defense." *Id.* at 1433. We concluded that the government's delay in raising the defense did not prejudice the plaintiff because application of § 3333.2 was strictly a legal issue and

4

held that the government had raised § 3333.2 "at a pragmatically sufficient time" so as not to waive its protection. *Id.* (quoting *Lucas v. United States*, 807 F.2d 414, 418 (5th Cir. 1986)).

Here, Patsystems was the party that drafted the relatively short contract — Exhibit 1 at trial — which contained Clause 11.2 in bold, capital letters. There could not have been any surprise or prejudice to Patsystems. Clause 11.2 was part of the very contract that Patsystems placed squarely before the trial court as its basis for relief, particularly given that a fundamental goal of contract interpretation is to give effect to the parties' mutual intent as it existed at the time of contracting. *See, e.g.*, *U.S. Cellular Inv. Co. v. GTE Mobilnet, Inc.*, 281 F.3d 929, 934 (9th Cir. 2002). We therefore hold both that Clause 11.2 is not an affirmative defense and that Trend raised the issue "at a pragmatically sufficient time" so as not to waive any protection Clause 11.2 might offer. *See Taylor*, 821 F.2d at 1432–33.

## IV. Conclusion

We affirm the trial court's grant of Patsystems' motion in limine, but reverse the trial court's rulings precluding the two defenses that Trend attempted to raise at trial, and remand for a new trial.[2] On remand, the trial court is directed to allow Trend to present any otherwise-admissible evidence that tends to show Patsystems did not

---

[2] Although we hold that the trial court must allow Trend to assert these two defenses, we express no opinion as to the merit of these two defenses.

5

fully perform under the contract, including evidence that services were cut off and never restored.  The trial court is also directed to allow Trend to raise Clause 11.2 as a defense, and determine what effect, if any, that clause has on Trend's liability or damages.  Each party shall bear its own costs.

**AFFIRMED in part, REVERSED in part, and REMANDED.**